Township of Chester *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued April 5, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Martin Burman,* with him *Michael L. Brint,* Special Assistant Attorney General, *George Bristol,* Assistant

Attorney General, *Robert W. Cunliffe,* Deputy Attorney General-Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*Peter J. Nolan,* for appellee.

OPINION BY JUDGE MENCER, May 24, 1978:

The Township of Chester, condemnee, owns and operates a low-income public-housing complex containing 150 housing units. The Commonwealth of Pennsylvania, condemnor, filed a declaration of taking wherein it condemned a portion of the complex comprising 32 housing units. A hearing to establish the compensation due was held before a board of viewers which awarded to the Township the cost of constructing a new building to replace the lost units. The Court of Common Pleas of Delaware County affirmed the award of the board of viewers, and this appeal followed. We hold that compensation was improperly computed and remand for a determination of fair market value in accordance with the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq.

There is no dispute that the Township is entitled to receive "just compensation" for the property which is being condemned.

> ' "[J]ust compensation" means the full monetary equivalent of the property taken. The owner is to be put in the same position monetarily as he would have occupied if his property had not been taken.' . . . To determine such monetary equivalence, the [United States Supreme] Court early established the concept of 'market value': the owner is entitled to the fair market value of his property at the time of the taking. (Citations omitted.)

*Almota Farmers Elevator & Warehouse Co. v. United States,* 409 U.S. 470, 473-74 (1973).

"For more than a century it has been consistently held by [the Pennsylvania Supreme] Court that in condemnation cases the measure of damages is based upon fair market value." *Pennsylvania Gas & Water Co. v. Pennsylvania Turnpike Commission,* 428 Pa. 74, 82, 236 A.2d 112, 116 (1967). The fair-market-value measure of just compensation has now been incorporated into Section 602(a) of the Eminent Domain Code, 26 P.S. §1-602(a), and is the only measure of compensation provided for by the Code.[1]

The Township cites only one Pennsylvania case to support its contention that it should be allowed to recover the cost of constructing a new building rather than being limited to the fair market value of the condemned structure.[2] *Pennsylvania Gas & Water Co., supra,* involved land which had a unique character as reservoir property and for which no market in the classic sense existed. In what it characterized as a "sharp departure" from the traditional measure of damages, 428 Pa. at 83, 236 A.2d at 117, the Court in that case allowed the condemnee to recover the cost of acquiring substitute land.

Here, there is no indication that the housing units involved are in any way unique in character, except for the fact that they are owned and operated by a governmental body. Indeed, the Township does not

---

[1] Section 602(a) provides:

Just compensation shall consist of the difference between the fair market value of the condemnee's entire property interest immediately before the condemnation and as unaffected thereby and the fair market value of his property interest remaining immediately after such condemnation and as affected thereby, and such other damages as are provided in this code.

[2] The federal cases relied upon by the Township, *e.g., United States v. Certain Property in Borough of Manhattan,* 403 F.2d 800 (2d Cir. 1968) ; *United States v. Certain Land in Borough of Brooklyn,* 346 F.2d 690 (2d Cir. 1965), are readiliy distinguishable from the case at hand and are not, in any event, binding upon this Court.

even contend that the property involved cannot be valued in the accepted manner. The only rationale offered for departing from the general rule is an alleged need to replace the lost 32 units. Assuming this need were established, the Township would be in no worse position than a homeowner compelled to find a new home. Such a homeowner would not be entitled to build a new home at the expense of the Commonwealth, and we see no reason why in this case the Township should enjoy any better position.[3]

Since fair market value has been the traditional measure of "just compensation," and since this measure is the only one provided for by the Eminent Domain Code, we are not inclined to expand the very narrow exception to the rule established by *Pennsylvania Gas & Water Co., supra,* to include cases such as this where the property involved is not unique and has a readily ascertainable market value.[4]

Order reversed and case remanded.

### ORDER

AND Now, this 24th day of May, 1978, the order of the Court of Common Pleas of Delaware County, dated May 3, 1977, sustaining the award of the board of viewers in the above captioned case is hereby reversed; the award of the board of viewers, dated July 15, 1976, is hereby vacated; and this case is remanded for further proceedings not inconsistent with this opinion.

---

[3] Those tenants actually being displaced are entitled to financial assistance under Sections 601-A and 603-A of the Eminent Domain Code, *added by* the Act of December 29, 1971, P.L. 635, 26 P.S. §§1-601A, -603A.

[4] It should also be noted that *Pennsylvania Gas & Water Co.. supra,* arose prior to the effective date of the Eminent Domain Code, and the Supreme Court declined to speculate on how the case would have been decided under the Code. 428 Pa. at 84, n. 9, 236 A.2d at 117, n. 9.